DECISION.
Defendant-appellant, Stacy Hill, appeals the judgment of the Hamilton County Court of Common Pleas convicting her of murder in violation of R.C. 2903.02(B). For the following reasons, we affirm the trial court's judgment.
Hill resided in an apartment with her grandmother and her grandmother's boyfriend, Bruce Reed. On the morning of October 2, 2000, Hill and Reed began arguing, and the argument escalated into a physical altercation. During the struggle, Reed struck Hill with his fists and the receiver of a telephone, causing multiple contusions and a swollen eye. The fight ended after Hill stabbed Reed with a kitchen knife. Neither Hill nor Reed sustained life-threatening injuries in the altercation.
After the fight, Hill left the apartment and spent a brief amount of time at her mother's residence. In the early afternoon, Hill returned to the apartment she shared with her grandmother and Reed. Hill and Reed again argued, and the argument again escalated into a physical altercation. After the two had fought for several minutes, Hill retrieved a knife and stabbed Reed numerous times. One of the stab wounds was to Reed's heart and caused his death.
Hill was indicted for murder pursuant to R.C. 2903.02(B), and she was convicted of the offense after a jury trial. In a single assignment of error, she now contends that the conviction was based upon insufficient evidence and was contrary to the manifest weight of the evidence.
In reviewing the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] To reverse a judgment on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
The relevant portion of the murder statute, R.C. 2903.02(B), provides that "[n]o person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree * * *." Here, it was alleged that the underlying offense of violence was felonious assault. The felonious-assault statute, R.C. 2903.11(A)(2), provides that "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."
In the case at bar, the conviction was in accordance with the evidence. The state presented evidence that, when Hill had returned to the apartment in the afternoon, she had stated her intention to kill Reed and had initiated the physical altercation while Reed was speaking on the telephone. In the fight that ensued, Hill stabbed Reed with a knife, thereby causing his death.
In arguing that the conviction was improper, Hill first contends that she was acting in self-defense. To establish self-defense, the defendant must prove by a preponderance of the evidence that (1) she was not at fault in creating the violent situation, (2) she had a bona fide belief that she was in imminent danger of death or great bodily harm and that her only means of escape was the use of force, and (3) the defendant did not violate any duty to retreat or avoid the danger.[3]
In the instant case, the jury could have reasonably found that Hill had failed to prove self-defense. As noted above, the state offered evidence that Hill had initiated the altercation in which Reed was killed and that she therefore had been at fault in creating the violent situation. Although Hill's testimony and the testimony of other defense witnesses tended to rebut the state's evidence about who was at fault in causing the fight, it was within the province of the jury to believe the prosecution's version of the events and to reject Hill's theory of self-defense.[4]
Hill next argues that the evidence, at best, supported a conviction for voluntary manslaughter pursuant to R.C. 2903.03, but not for murder. She argues that Reed's role in the mutual combat between the two constituted "serious provocation" within the meaning of R.C. 2903.03, and that she was "under the influence of sudden passion or in a sudden fit of rage" when she fatally wounded him.
Once again, we find no merit in Hill's contention. The state presented evidence that, after the initial physical altercation, Hill had left the residence for a period of approximately one hour. The jury could have reasonably concluded that Hill had had time to reflect upon the altercation, and that she had deliberately returned to the apartment to resume the fight. Thus, the jury could have properly rejected Hill's argument that she had acted under the influence of sudden passion or in a sudden fit of rage when she had inflicted the fatal wound. Moreover, the prosecution presented evidence that, after Hill's return to the apartment, it was she who had initiated the physical contact.[5] The jury was therefore presented with evidence that Hill had not been provoked into the killing but rather had been solely responsible for the incident.
For these reasons, we conclude that the jury did not lose its way when it determined that Hill was guilty of murder. The assignment of error is, accordingly, overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Painter, P.J., Hildebrandt and Sundermann, JJ..
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825.
[2] See State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
[3] See State v. Thomas (1997), 77 Ohio St.3d 323, 326, 673 N.E.2d 1339,1342.
[4] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[5] Although the evidence indicated that Reed had verbally abused Hill when she returned to the residence, the jury was entitled to conclude that his actions did not constitute provocation that was serious enough to incite the use of deadly force.